UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-60513

MARCEL CLERMONT, on behalf of himself
and others similarly situated,

       Plaintiff,

v.

CENTRUM MEDICAL HOLDINGS, LLC,

       Defendant.

_____/

### DEFENDANT CENTRUM MEDICAL HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES[1]

Defendant Centrum Medical Holdings, LLC ("**Defendant**" or "**Centrum**") files its answer and affirmative defenses to plaintiff Marcel Clermont's ("**Plaintiff**") putative Class Action Complaint ("**Complaint**"; ECF No. 1) and states as follows:

**Nature of Action**

1.     Defendant admits that Plaintiff purports to bring this case as a putative class action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**"). Otherwise denied.

2.     Denied.

3.     Denied.

---

[1]     Defendant is still in the process of investigating the facts related to Plaintiff's claims and, upon information and belief, Plaintiff may have agreed to arbitrate the instant dispute. Defendant does not waive, and expressly reserves the right to move to compel arbitration upon the discovery of facts or information showing that Plaintiff agreed to arbitrate the instant dispute.

**Jurisdiction and Venue**

4.      Admitted for jurisdictional purposes only.  Otherwise denied.

5.      Admitted for jurisdictional purposes only.  Otherwise denied.

6.      Denied.

7.      Defendant lacks sufficient information to either admit or deny the allegations. Therefore, denied.

**Parties**

8.      Defendant lacks sufficient information to either admit or deny the allegations. Therefore, denied.

9.      The allegations in paragraph 9 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that it lacks sufficient information to either admit or deny the allegations of paragraph 9 of the Complaint and on that basis, denies the same.

10.      Defendant admits only that it is a limited liability company with a presence in this District.  Otherwise Denied.

11.      The allegations in paragraph 11 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that it lacks sufficient information to either admit or deny the allegations of paragraph 11 of the Complaint and on that basis, denies the same.

12.      Denied.

13.      Denied.

**Factual Allegations**

14. Defendant lacks sufficient information to either admit or deny the allegations. Therefore, denied.

15. Defendant lacks sufficient information to either admit or deny the allegations as the number contained in Paragraph 15 is not a complete phone number. Therefore, denied as phrased.

16. Defendant lacks sufficient information to either admit or deny the allegations as the number contained in Paragraph 16 is not a complete phone number. Therefore, denied as phrased.

17. Defendant lacks sufficient information to either admit or deny the allegations as the number contained in Paragraph 17 is not a complete phone number. Therefore, denied as phrased.

18. Defendant lacks sufficient information to either admit or deny the allegations as the number contained in Paragraph 18 is not a complete phone number. Therefore, denied as phrased.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30.     Defendant lacks sufficient information to either admit or deny the allegations. Therefore, denied.

31.     Denied.

32.     Denied.

**Class Action Allegations**

33.     Defendant admits only so much of the allegations in paragraph 33 as that Plaintiff alleges that he purports to assert claims on behalf of a proposed class, but specifically denies that such a class action is proper or that the proposed definitions of the putative classes are either proper or represent a certifiable class.

34.     Defendant admits only so much of the allegations in paragraph 34 as that Plaintiff alleges that he purports to assert claims on behalf of a proposed class, but specifically denies that such a class action is proper or that the proposed definitions of the putative classes are either proper or represent a certifiable class.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

76371919;1

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

62.     Defendant repeats and realleges each and every response in paragraphs 1 through

61 of the Complaint with the same force and effect as if set forth at length herein.

63.     Denied.

64.     Denied.

76371919;1

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE," including the subparts thereof, Defendant denies each and every allegation contained therein, and denies that Plaintiff is entitled to any of the relief sought. Defendant expressly denies that it is liable to Plaintiff or members of the alleged putative class for any alleged damages or relief of any kind, including damages or relief required in the Prayer for Relief section of the Complaint or any other paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming the burden of proof on such defenses that otherwise would rest on Plaintiff, and without prejudice to its Answer above:

### FIRST AFFIRMATIVE DEFENSE

1.      Prior express consent, as well as prior express written consent, was obtained for the purpose of contacting Plaintiff and/or the phone number at which Plaintiff alleges to have received the subject calls and therefore, Plaintiff's claims must fail.

### SECOND AFFIRMATIVE DEFENSE

2.      The Court lacks subject matter jurisdiction over Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff agreed to arbitrate his claims against Defendant.  Plaintiff also agreed not to participate in a class action against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint fails to state a claim upon which relief may be granted related to the claim asserted therein.

76371919;1

## FIFTH AFFIRMATIVE DEFENSE

5.     The Complaint is barred because the sole and/or proximate cause of damages claimed by Plaintiff, if any, was due to acts of persons or entities other than the Defendant, including but not limited to, his own actions.

## SIXTH AFFIRMATIVE DEFENSE

6.     Defendant states that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant incorporates herein by refence all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's claim, or the claims of putative class members, are barred because the calls were not pre-recorded, were not "robocalls," and did not utilize an artificial voice.

## NINTH AFFIRMATIVE DEFENSE

9.     "Artificial or prerecorded voice" as that term is defined by 47 U.S.C. § 227, the implementing regulations promulgated thereunder, the FCC's rules and/or decisional law interpreting same, was not employed.

## TENTH AFFIRMATIVE DEFENSE

10.     Neither Plaintiff nor any putative class member may recover on their claim pursuant to 47 U.S.C. § 227(b) unless an artificial or prerecorded voice message was "actually played" to them, which it was not.

76371919;1

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred by the doctrines of acquiescence, ratification, estoppel, waiver, laches, consent, unclean hands, and other equitable doctrines as a bar to the claims of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant did not knowingly or willfully violate the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is not entitled to statutory damages because Defendant did not engage in any conduct in violation of the TCPA.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The Complaint is barred because the sole and/or proximate cause of damages claimed by Plaintiff, if any, was due to acts of persons or entities other than the Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Complaint is barred, in whole or in part, on the grounds that Plaintiff does not allege sufficient facts to support his claim or class certification.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff and/or the putative class members lack standing to bring the claims purportedly being asserted. Plaintiff's claims, or the claims of putative class members to the extent they exist, are barred on the basis that the Plaintiff and the absent class members lack standing to pursue claims against Defendant because they have not incurred or suffered any actual loss or concrete injury in fact or suffered any harm, and certainly not harm that is fairly traceable to the conduct of Defendant. Accordingly, the Court lacks subject matter jurisdiction over this case under Article III of the U.S. Constitution.

76371919;1

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff and/or the putative class members have not suffered concrete and particularized injuries, and thus, do not have any viable claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims, or the claims of putative class members to the extent they exist, are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are ascertainable/determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiff's claims are typical, that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis, that the classes themselves are defined in a way that precludes membership unless liability is established, that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, and that Plaintiff is a member of the class as alleged and/or is an adequate class representative. Plaintiff also cannot maintain this action as a class under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.  Plaintiff is situated differently than putative class members.  Plaintiff's class action allegations also fail as to the claims of nonresident class members as this Court lacks personal jurisdiction as to same.  Defendant reserves all rights, arguments and defenses with respect to opposing class certification by Plaintiff in the future.

76371919;1

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred because he was not charged for the calls he alleges to have received.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Any communications alleged by Plaintiff did not adversely affect his privacy rights, and the alleged harms he suffered are not the traditional harms recognized by law to afford a cause of action or standing, and accordingly, his claims are barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred by the constitutional implications of the claims asserted. Any award of statutory damages against Defendant would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. To the extent the TCPA is applied against Defendant to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919). The alleged violation at issue causes de minimis or no actual harm. Imposition of a $500.00 or more per call penalty is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged.  The TCPA is also an unconstitutional restriction of commercial speech and Defendant's freedom of expression in violation of the First Amendment to the United States Constitution.

76371919;1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff and members of the putative class are barred from seeking injunctive relief in this action, in whole or in part, because Plaintiff and members of the putative class have an adequate remedy at law, and because Plaintiff has not and cannot show the likelihood of imminent harm resulting from future calls or that calls are continuing to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims against Defendant for knowing and willful violations of law are barred by Plaintiff's failure to meet the conditions precedent for such a claim, and because Defendant's conduct does not rise to the level of a knowing and willful violation. Indeed, at no time did Defendant act willfully or knowingly violate the laws upon which Plaintiff has sued Defendant. At all times, Defendant acted in good faith and without malice or intent to violate the TCPA, or to make, direct, or authorize calls to Plaintiff (or the putative class members) that were allegedly prohibited by the TCPA.  Defendant's actions, even if deemed to have violated any statute in any respect (and expressly denying and without admitting same), were reasonable and taken in good faith, and cannot be deemed willful. Defendant did not act with the intent to harm Plaintiff or any putative class member, or with the knowledge that Defendant's conduct violated any statute (as alleged). Nor did Defendant act in bad faith, or with negligence, gross negligence, recklessness, malice, ill will, or a conscious indifference to the rights of others. Defendant acted in good faith, with good motive, and with reasonable care at all times. Thus, Plaintiff cannot sustain any treble or punitive damages theory on that basis.

76371919;1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     The subject phone calls are not actionable, and all of Plaintiff's claims are barred, because they do not constitute telephone solicitations, advertising, or telemarketing, and were not made for a commercial purpose.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The subject phone calls are not actionable, and all of Plaintiff's claims are barred, because the subject calls were made for emergency purposes, and are thus exempt.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     The subject phone calls are not actionable, and all of Plaintiff's claims are barred, because the subject calls were made in exigent circumstances related to Plaintiff's health related needs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The subject phone calls are not actionable, and all of Plaintiff's claims are barred, because the subject calls were for healthcare purposes and are exempt or not actionable pursuant to or by the healthcare rule, the healthcare provider exemption, the health care treatment purpose exemption, and the non-telemarketing exemption.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred, in whole or in part, because the alleged injuries or damages complained of were the result of his own negligence, misconduct, acts, or omissions.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, because the alleged calls do not fall within the purview of the TCPA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls are exempted by statute and rule, under both the express language of the TCPA, its implementing regulations (including all exemptions and provisions contained in 47 C.F.R. § 64.1200) and regulatory rules and guidance.  This includes, but is not limited to, those exemptions contained in 47 C.F.R. § 64.1200(a)(2); (a)(3); and (a)(9)(iv).  Further, the claims are barred in whole or in part, because the alleged telephone calls have been exempted by the FCC.  *See, e.g., Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991 et al.*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, 30 FCC Rcd. 7961 (2015); *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd. 1830 (2012).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls were "health care" messages made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 C.F.R. § 160.103.  *See* 47 C.F.R. § 64.1200(a)(2); (a)(3).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims are barred, in whole or in part, because pursuant to the Health Insurance Portability and Accountability Act, Pub. L. 104-191 (1996), Congress provided for the

use of patient information, including Protected Health Information, for use in health care operations. 45 C.F.R. 165.502.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claims are barred, in whole or in part, because pursuant to the Health Insurance Portability and Accountability Act, Pub. L. 104-191 (1996), Congress provided for the use of patient information, including Protected Health Information, for use in health care operations. 45 C.F.R. 165.502.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity because the calls at issue were placed at the direction of the federal or state government and/or its agencies or those acting on their behalf.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    If the Court finds that consent is a defense rather than an element of Plaintiff's claims, the calls at issue did not constitute telemarketing or introduce advertising and were not telephone solicitations, and therefore only prior express consent was required, which Plaintiff and the members of the putative class provided. Defendant raises this affirmative defense without conceding that it is, in fact, an affirmative defense, or a defense on which Defendant bears the burden of proof, rather than an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

## RESERVATION

Defendant continues to investigate and reserves the right to plead additional affirmative defenses or other defenses. Defendant also reserves its right to assert any other affirmative defenses

76371919;1

that changes in legal precedent, administrative guidance, or the statutes at issue reveal to be applicable, so as to avoid waiver of the same.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant demands judgment against Plaintiff and in favor of Defendant as follows:

a.    Denying all relief sought by Plaintiff and/or putative class members and dismissing the Complaint in its entirety, with prejudice;

b.    Awarding Defendant its attorneys' fees and costs to the maximum extent permitted by law; and

c.    Granting Defendant such other and further relief as this Court deems just and proper.

Dated: May 21, 2024                    **AKERMAN LLP**

                                       */s/ Jeffrey B. Pertnoy*
                                       Jeffrey B. Pertnoy, Esq. (FBN 91939)
                                       Jeffrey.pertnoy@akerman.com
                                       Howard J. Harrington (FBN 0118719)
                                       jay.harrington@akerman.com
                                       Three Brickell City Centre
                                       98 Southeast Seventh Street, Suite 1100
                                       Miami, Florida 33131
                                       Tel: (305) 374-5600
                                       Fax: (305) 374-5095

                                       *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF on the 21st day of May 2024.

                                       */s/ Jeffrey B. Pertnoy*
                                       Attorney for Defendant

76371919;1